UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABRAHAM THOMAS,

    Plaintiff,

v.

UNITED STATES POSTAL
SERVICE,

    Defendant.
_____/

Case No. 2:22-cv-11506
District Judge Gershwin A. Drain
Magistrate Judge Anthony P. Patti

## ORDER GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER (ECF No. 38) AND STAYING DISCOVERY ON ALL MATTERS EXCEPT PLAINTIFF'S FMLA CLAIM

This matter came before the Court for consideration of Defendant's February 23, 2024, motion for a protective order (ECF No. 38), Plaintiff's response (ECF No. 41), and Defendant's reply (ECF No. 42). Judge Drain referred the motion to me for a hearing and determination. (ECF No. 40) Having reviewed the briefs, the Court concludes a hearing is not necessary. *See* E.D. Mich. LR 7.1(f)(2).

For the reasons discussed below, Defendant's motion for a protective order (ECF No. 38) is **GRANTED**.

I.  BACKGROUND

On July 5, 2022, Plaintiff Abraham Thomas, proceeding *in pro per*, filed this action against the United States Postal Service (the "USPS"). He filed an amended complaint on October 23, 2023, which is now the operative pleading. (ECF No. 26.) Plaintiff brings a variety of claims related to his former employment with the USPS. Judge Drain issued a scheduling order which originally set the discovery deadline as March 27, 2024 (ECF No. 27), but has since been extended by stipulation to July 26, 2024 (ECF No. 45). Defendant has moved to dismiss all counts except Count VII, which asserts claims under the Family and Medical Leave Act. (ECF No. 29.) While that motion remains pending before Judge Drain, Defendant has filed the instant motion for a protective order, in which it asks that discovery be stayed on all claims which are the subject of its motion to dismiss. (ECF No. 38.)

II.  STANDARD

Under the Federal Rules, unless otherwise stipulated by the parties or ordered by the court, methods of discovery may be used in any sequence. Fed. R. Civ. P. 26(d)(3)(A). Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including," among other things, "specifying terms, including time and place or the allocation of expenses, for the disclosure or

2

discovery." Fed. R. Civ. P. 26(c)(1)(B). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

### III. DISCUSSION

In its motion, Defendant argues that a protective order is necessary to conserve resources until the Court resolves the pending motion to dismiss. Defendant further argues that "proceeding with discovery [against the non FMLA claims] at this stage would be inefficient and wasteful, causing the parties and potentially the Court to devote significant time and resources addressing matters that may be irrelevant in the event any aspect of Defendant's pending motion is granted." (ECF No. 38, PageID.1168.)

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6rh Cir. 2003) (quoting *Hahn v. Star Bank,* 190 F.3d 708, 719 (6th Cir.1999)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Id.* (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

3

This is precisely the situation in this case. Defendant has moved to dismiss the bulk of Plaintiff's operative pleading under Federal Rule of Civil Procedure 12(b)(6). Discovery is not needed to resolve such a motion and, to the extent further discovery is necessary before addressing the motion, Judge Drain can order additional discovery. In the meantime, however, the most efficient use of the parties' and judicial resources is to stay discovery on all claims at issue in Defendant's motion to dismiss.

Defendant articulates various factors that weigh in favor of a stay: (1) Defendant will be burdened by conducting discovery on the non-FMLA claims because there is no factual or legal overlap between the FMLA claims and the other claims (ECF No. 38, PageID.1174); (2) Plaintiff will not be prejudiced by delaying discovery on the non-FMLA claims (ECF No. 38, PageID.1175), especially given that the parties have already agreed to discovery extensions (*See* ECF No. 45); (3) the pending motion to dismiss can be resolved without addressing matters outside the pleadings (ECF No. 38, PageID.1175); (4) the case has already undergone factual development during its administrative stage (ECF No. 38, PageID.1176); and, (5) Defendant's motion to dismiss rests largely on exhaustion and multiple courts "have held that where a defendant raises exhaustion in a dispositive motion, discovery should be stayed until the motion has been decided" (ECF No. 38, PageID.1176 (citing cases)).

In response, Plaintiff argues generally that Defendant will not be burdened by producing any requested discovery (ECF No. 41, PageID.1191), that Defendant is "taking advantage of [Plaintiff] being a pro se litigant" (ECF No. 41, PageID.1192), and that Defendant's pending motion to dismiss should be denied (ECF No. 41, PageID.1192-94.)  The Court is unpersuaded by Plaintiff's arguments.  The Court finds that Defendant has shown good cause to limit discovery to the FMLA claim at this time.  Discovery shall be allowed, as necessary, on any claims which remain after Judge Drain rules on the pending motion to dismiss.  In the meantime, however, Defendant's motion for a protective order [ECF No. 38] is **GRANTED** and discovery is hereby **STAYED** on all matters except those related to Plaintiff's FMLA claim (Count VII).

**IT IS SO ORDERED.** [1]

Dated:  June 7, 2024                                s/*Anthony P. Patti*
                                                                    Anthony P. Patti
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).