UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABRAHAM THOMAS,

    *Plaintiff*,

v.

UNITED STATES POSTAL SERVICE,

    *Defendant.*

_____/

Case No. 2:22-cv-11506

District Judge
Gershwin A. Drain

## ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

Before the Court is Plaintiff Abraham Thomas's ("Plaintiff") Motion for Sanctions. ECF No. 50. He argues that Defendant United States Postal Service ("USPS") allegedly violated the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d, *et seq*. and the Privacy Act of 1974 (the "Privacy Act"), 5 U.S.C. § 552a, by altering and/or destroying his personal employee records to interfere with his rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*.

According to Plaintiff, the parties initiated discovery in February 2024, and on February 2 he requested from USPS certain documents related to his employment history. ECF No. 50, PageID.1270. He asserts that even though his requests concerned his history of job bidding, reassignments, injuries, clock rings, and FMLA records since 2018, USPS only produced his clock ring report (from October 2022)

1

and some documents related to his FMLA claim. *Id.* Plaintiff states that he nonetheless analyzed the produced material and uncovered evidence that USPS had improperly handled his private medical records, thereby violating HIPAA and the Privacy Act. *Id.* at PageID.1270–71. Upon review, the Court finds that Plaintiff's Motion must be denied.

\*\*\*

To start, Plaintiff's request for sanctions under HIPAA is improper because the Act does not offer litigants a private right of action. It is true generally that the statute governs "confidentiality of medical records and regulates how covered entities can use or disclose individually identifiable medical information about and individual." *Clint v. Comm'r of Soc. Sec.*, No. 16-14205, 2017 U.S. Dist. LEXIS 216479, at *13 (E.D. Mich. Dec. 21, 2017) (quoting *Sauter v. Bloyd*, 2010 U.S. Dist. LEXIS 134037, 2010 WL 5290422, at *2 (W.D. Ky. Dec. 17, 2010)).

But it is not the case that litigants suspicious that HIPAA's protections have been violated may seek sanctions or initiate a cause of action in federal court. *Payne v. Boulter*, No. 11-cv-14023, 2013 U.S. Dist. LEXIS 155985, at *12 (E.D. Mich. Oct. 31, 2013) ("courts have consistently held that HIPAA does *not* create a private cause of action for the disclosure of confidential information) (emphasis in original) (citing various Circuit opinions); *Moore v. Garner*, No. 2:19-cv-4032, 2019 U.S. Dist. LEXIS 219854, at *10 (S.D. Ohio Dec. 23, 2019) (same). For this reason, the

2

Court is not empowered to hear complaints for violations of the statute. If Plaintiff believes his HIPAA rights were violated, he must file a claim with the Department of Health and Human Services. *Johnson v. Aspirus Corp.*, No. 2:18-cv-213, 2019 U.S. Dist. LEXIS 88381, at *6 (W.D. Mich. Feb. 20, 2019).

Further, USPS is correct that a motion for sanctions is an improper mechanism for Plaintiff to assert his rights under the Privacy Act. The Privacy Act "prohibits certain 'agencies' from disclosing 'records' from a 'system of records' without prior consent of the individuals to whom the records pertain." *NLRB v. USPS*, 841 F.2d 141, 144 n.3 (6th Cir. 1988) (citing 5 U.S.C. § 552a(b). Unlike HIPAA, the Privacy Act offers a private right of action to litigants, dictating that upon violation of the statute's protections, "the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction . . ." 5 U.S.C. § 552a(g)(1). However, this right permits Plaintiff to initiate a *suit* in federal court, whereby he may properly allege a violation under the statute in a formal complaint. *Id.* At present, the Complaint contains no pending claim under the Privacy Act, and Plaintiff has offered no authority suggesting that the Act may be enforced in the first instance via a motion for sanctions. Thus, the Court will not impose the requested sanctions based solely on Plaintiff's mere representations.

Lastly, to the extent Plaintiff complains that USPS refuses to properly respond to his discovery requests, the appropriate device is a motion to compel. *Fortech*

3


*S.R.L. v. Motor Consultants of Am., Inc.*, No. 22-11648, 2024 U.S. Dist. LEXIS 66242, at *6 (E.D. Mich. Jan. 29, 2024) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection.") (citing Fed. R. Civ. P. 37). Upon such filing, the Court can consider and adjudicate the pending discovery dispute, which is certainly impacted by the Court's recent Order dismissing all but one of Plaintiff's claims. ECF No. 57.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED**.

Dated:  July 10, 2024                              /s/ Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 10, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager