UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABRAHAM THOMAS,

          Plaintiff,

v.

          Case No.: 2:22-cv-11506
          Hon. Gershwin A. Drain

UNITED STATES POSTAL
SERVICE,

          Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL [ECF NO. #63] AND DENYING PLAINTIFF'S MOTION FOR COURT ASSISTANCE IN CONDUCTING DEPOSITIONS [ECF NO. #66]

Presently before the Court is Plaintiff Abraham Thomas's Motion to Appoint Counsel, ECF No. 63, and Motion for Court Assistance in Conducting Depositions. ECF No. 66. Defendant has not filed a response to Plaintiff's motions and time for doing so has expired under Local Rule 7.1(e)(1). Upon review of Plaintiff's motions, the Court finds that oral argument will not aid in their disposition. Accordingly, the Court will resolve the present motions on Plaintiff's briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, both motions shall be **DENIED.**

    **I.**      **BACKGROUND**

Plaintiff Thomas is a former United States Postal Service ("USPS") employee and *pro se* litigant who brought suit against USPS for race discrimination, gender discrimination, national origin discrimination, disability discrimination, age discrimination, failure to accommodate his religious practice, retaliation, violation of the Equal Pay Act, violation of the Whistleblower Protection Act, violation of his FMLA rights, and for delay and destruction of mail. ECF No. 26, PageID.919–37. The Court dismissed all counts of Thomas's complaint except for Count VII (Violation of FMLA Rights).[1] ECF No. 57, PageID.1367.

Plaintiff states that he is unable to afford private counsel, which is why he is currently proceeding *pro se.* ECF No. 63, PageID.1396–97; *see also* ECF No. 7 (order granting application to proceed *in forma pauperis*). In January 2023, the Court recognized *sua sponte* that Plaintiff would benefit from the assistance of counsel in prosecuting his case. *See* ECF No. 8. Thus, the Court referred the matter to the Court's *pro bono* counsel program and stayed proceedings for thirty days while it attempted to obtain counsel for Plaintiff. *Id.* at PageID.48. In its order, the Court stated that if *pro bono* counsel was not obtained within thirty days, the stay would be lifted and Plaintiff would proceed *pro se. Id.* Ultimately, the Court's *pro bono*

---

[1] Plaintiff's Motion for Reconsideration of the Order on the Motion to Dismiss is still currently pending. ECF No. 62.

program was unable to find an attorney willing to accept Plaintiff's case, and the stay was lifted.

In the instant Motion to Appoint Counsel, Plaintiff argues that the Court has authority and discretion to appoint counsel for indigent parties where legal representation is necessary to ensure an equitable result. ECF No. 63, PageID.1405. Plaintiff states that his health issues and lack of legal expertise puts him at a significant disadvantage when navigating the legal system and hinders his ability to effectively present his case. *Id.* As such, he requests this Court to appoint counsel for him, or to loan him attorney fees which he will repay by monthly installments. *Id.* at PageID.1405.

In the instant Motion for Court Assistance in Conducting Depositions, Plaintiff argues that the Court's assistance in conducting depositions is necessary to ensure a fair and equitable judicial process, given the sophisticated nature of the alleged misconduct and the importance of depositions in eliciting crucial information. ECF No. 66, PageID.1426. He requests appointment of a special master or other court official to oversee the deposition process, an order compelling Defendant to produce any individuals with knowledge relevant his claims, the provision of guidance or resources regarding conducting depositions, or any other assistance the Court deems appropriate. *Id.* at PageID.1427.

**II.     LAW & ANALYSIS FOR MOTION TO APPOINT COUNSEL**

### A. Legal Background

The *in forma pauperis* statute provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, "[a]ppointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Lab'ys*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). Rather, § 1915(e)(1) is "permissive, not mandatory," and vests the district court with "broad discretion" in determining whether the appointment of counsel is warranted. *Jones v. Morris*, 590 F.2d 684, 687 (7th Cir. 1979).

Furthermore, § 1915(e)(1) does not give the district court authority to *compel* an attorney to represent an indigent party. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 301–08 (1989). Instead, it permits a district court to *ask* an attorney to do so, and the attorney is free to decline that request without penalty. *Id.* at 301, 307–08; *see also Reid v. Charney*, 235 F.2d 47, 47 (6th Cir. 1956) ("the court in a civil case has the statutory power only to request an attorney to represent a person unable to employ counsel."). In addition, "under § 1915 there is no provision for the payment of attorneys fees." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984); *see also Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624, 625 (E.D. Va. 1979) (the general rule is that a "court may not authorize the

commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.").

### B. Discussion

In the present case, the Court has previously attempted to recruit *pro bono* counsel to represent Plaintiff. *See* ECF No. 8. The Court stayed the case for 30 days after referring Plaintiff to its *pro bono* program so that Plaintiff had a chance to obtain counsel. *Id.* The Court indicated that if counsel was not obtained within thirty days, Plaintiff would have to proceed *pro se*. *Id.* Ultimately, no attorney from the *pro bono* program was willing to take Plaintiff's case. ECF No. 63, PageID.1397. Moreover, Plaintiff indicates in his Motion to Appoint Counsel that he has requested representation from at least three additional firms, and none are willing to represent him. *Id.* at PageID.1401.

The Court lacks the authority to force an attorney to represent Plaintiff's case. *Mallard*, 490 U.S. at 308. Given that the Court has already attempted to find an attorney to represent Plaintiff, and those efforts were unfruitful, Plaintiff must represent himself in the instant proceedings. ECF No. 8, PageID.48 ("If *pro bono* counsel is not obtained within thirty days… Plaintiff will proceed *pro se.*"). In addition, under § 1915, the Court lacks the authority to loan Plaintiff attorneys' fees and to set up a payment plan for repayment. *Nelson*, 728 F.2d at 1003. Therefore, the Court will not loan Plaintiff the funds to obtain counsel.

### III. LAW & ANALYSIS FOR MOTION FOR COURT ASSISTANCE IN CONDUCTING DEPOSITIONS

#### A. Legal Background

"Courts may appoint special masters under Federal Rule of Civil Procedure 53 to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause." *Hudson v. Corecivic*, No. 3:21-cv-00319, 2024 U.S. Dist. LEXIS 69584, at *4 (M.D. Tenn. Mar. 11, 2024) (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 256 (1957)). Rule 53 states that a court may appoint a master only to:

> (A) perform duties consented to by the parties;
> (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>   a. some exceptional condition; or
>   b. the need to perform an accounting or resolve a difficult computation of damages; or
> (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Fed. R. Civ. P 53(a)(1). In appointing a master, the court "must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." *Id.* (a)(3). Furthermore, a pretrial master should be appointed "only when the need is clear." Fed. R. Civ. P. 53 advisory committee's notes (2003); *see also Inventory Locator Serv. LLC v. Partsbase, Inc.*, No. 02-2695,

2006 WL 1646091, at *2 (W.D. Tenn. June 14, 2006) ("the appointment of a special master is the exception and not the rule.").

### B. Discussion

Here, Defendant has not consented to having a special master appointed to conduct Plaintiff's depositions, so there are no grounds for appointing a special master under 53(a)(1)(A). Moreover, the requested depositions are not "trial proceedings" or "recommended findings of fact on issues to be decided without a jury," so there are no grounds for appointing a special master under 53(a)(1)(B).

The last remaining ground for appointing a special master is 53(a)(1)(C): to address pretrial matters that cannot be effectively and timely addressed by an available district court judge or magistrate judge. The reason Plaintiff requests a special master is because he alleges that Defendant engaged in "fraud, alteration and destruction of employment documents" during the discovery process. ECF No. 66, PageID.1423–24. As such, he states that he cannot conduct a deposition alone "due to unethical and abusive natures of the defendant." *Id.* at PageID.1426.

However, district courts are well equipped to "effectively and timely address[]" discovery abuses. Fed. R. Civ. P. 53(a)(1)(C); *see, e.g.*, *Hino Motors Mfg. USA, Inc. v. Hetman*, No. 20-10031, 2021 WL 6285280 (E.D. Mich. Dec. 14, 2021) (dismissing case as a sanction for discovery abuses); *PepsiCo v. Cent. Inv. Corp., Inc.*, 216 F.R.D. 418 (S.D. Oh. 2002) (ordering payment of fees and expenses as a

sanction for discovery abuses); *Fharmacy Records v. Nassar*, 379 Fed. App'x 522 (6th Cir. 2010) (affirming district court's resolution of discovery dispute arising from abusive discovery practices). Moreover, considering that the Court would be able to effectively and timely handle discovery issues that could arise in this case, appointment of a special master under these circumstances would likely create unreasonable expense and delay. *See In re United States*, 816 F.2d 1083, 1089 (6th Cir. 1987) (appointment of a special master "must be considered in the light of the 'unbelievably long' delay and increased expense to which the litigants will be subjected.") (quoting C. WRIGHT, LAW OF FEDERAL COURTS 656 (4th ed. 1983)). Therefore, Plaintiff's reason for appointing a master does not provide a valid basis to do so under Rule 53(a)(1)(C).

Plaintiff also requests the Court to order Defendant to produce for deposition any individuals with knowledge relevant to FMLA violations and allegations of document fraud, alteration, and destruction. ECF No. 66, PageID.1427.[2] However, the Court generally does not get involved in the discovery process in this manner unless the other side has been failing to respond to discovery requests to some extent and there has been a motion to compel. Although Plaintiff has alleged various

---

[2] Discovery ended on September 24, 2024. *See* ECF No. 60. However, Plaintiff currently has a motion pending to extend the discovery period. ECF No. 68. Plaintiff indicated in his motion that Defendant would oppose any extension. *Id.* at PageID.1432. As such, the Court is awaiting Defendant's responsive brief on that matter before ruling on it.

discovery abuses, including fraud and alteration or destruction of documents, the Court has already addressed these issues in denying Plaintiff's motion for sanctions. *See* ECF No. 59. Furthermore, Plaintiff's allegation that Defendant sought to obstruct discovery by filing a motion for protective order is unfounded. *See* ECF No. 54 (granting Defendant's motion for protective order). In all, there is no evidence that Defendant has not responded to the discovery requests that it was required to respond to. *See* ECF No. 51, PageID.1314 (discussing Defendant's responses to Thomas's discovery requests). Thus, Plaintiff must utilize traditional discovery tools to find out whom he needs to depose and must notice the depositions on Defendant. *See* Fed. R. Civ. P. 30(b).

### C. Resources

In Plaintiff's Motion for Court Assistance in conducting depositions, he requests the provision of guidance and resources for conducting depositions effectively. ECF No. 66, PageID.1427. The Court recommends that Plaintiff visit the Eastern District of Michigan's *pro se* webpage and look through the resources offered there. *See* www.mied.uscourts.gov/index.cfm?pageFunction=proSe. Particularly, the Court recommends contacting the University of Detroit Mercy Law School's Federal *Pro Se* Legal Assistance Clinic which is located in the Courthouse. The Clinic's hours are Monday, Wednesday, and Friday from 1:00 pm to 5:00 pm. Plaintiff is advised to call (313) 234-2690 or email proseclinic@udmercy.edu to

make an appointment. In addition, the Court's *pro se* webpage contains a list of free legal clinics for indigent individuals that Plaintiff may contact to seek potential representation.

The Court also advises Plaintiff that he must familiarize himself with the Court's local rules and the Federal Rules of Civil Procedure. Indeed, familiarizing himself with these rules will help him understand the steps he must take to obtain the depositions he seeks from Defendant, along with giving him a better understanding of the litigation process ahead of him.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Appoint Counsel and Motion for Court Assistance in Conducting Depositions are **DENIED.**

**IT IS SO ORDERED.**

Dated: September 26, 2024　　　　　　　　/s/Gershwin A. Drain
　　　　　　　　　　　　　　　　　　　　GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　　　　　United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 26, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager